May it please the Court, the District Court's determination that Officer Stem did not have a constitutionally protected property interest in his employment with the City of Hearn Police Department is the hub of the District Court's dismissal of Stem's complaint. All the other matters discussed in the order of dismissal are really just spokes emanating from that hub. If you take out that hub, once it fails, the spokes and the metaphorical wheel and the order of dismissal also falls. The focus of my argument will be, therefore, that Section 614.023c of the Texas Government Code, which was amended in 2005, added to the statute, gave Officer Stem a constitutionally protected property interest when it said that before he can be terminated, the complaint must be investigated and there must be evidence to prove the allegation of misconduct. That is cause. We have recognized that throughout the Supreme Court jurisprudence, throughout the jurisprudence of this Court, that when, under a state law, a governmental employee is granted a claim of entitlement to continued employment, absent sufficient cause for termination, then there is a constitutionally protected property interest in his employment. Does that apply in every situation? What if there is no complaint made and the City Mayor, whoever decides, we don't want this police officer anymore, there's no complaint, we just don't want him anymore? Or does that statute apply and does he have a constitutional right if no complaint has been filed against him? Under that circumstance, yes, he does have a complaint, because a complaint can be internal. It doesn't have to be external. The Texas state law says internal, external. Anything that may lead to disciplinary action is a complaint covered by this statute. Where does state law say that? You have an immediate appellate courts that look to the Civil Service Act. Is that what you're talking about? I'm trying to draw that in. No, sir. I'm talking about Treadway v. Holder, which is from the Third Court of Appeals in Austin, which says specifically that any complaint, and that's dealing with a deputy I think that's not Civil Service out of Williamson County, and that deputy, they said whether they have a protected property interest or not, we don't get to in this case, because it's clear that there was a complaint. But the definition of complaint was that it's anything that may lead to disciplinary action, and that's been followed, and the Supreme Court has denied the petitions on any of those cases trying to challenge that. So under any circumstances when a policeman in the state of Texas loses his job, he has a right under this statute? No, sir. If there is a reduction in force, if for budgetary reasons the governmental entity says, you know, back when the oil boom was going in South Texas, we needed 15 police officers. Now the economics of the situation are such with the plague going down, we only need 10 police officers. This court and other appellate courts throughout the country have said that as long as that to get him for a complaint, then it's okay. So if we're going from 15 to 10, and we stay at 10, there would be no protected property interest, because they've done away with the position. But if there are 11 officers in a department, and they say, well, for budgetary reasons we're going to reduce this by one, and oh, this guy happens to be the one, and two weeks later they go back and they say, well, we really need that 11th position, I think you could argue pretext there. Now, I've thought about this a lot, Your Honor, and I think that's an excellent point, that if you're worried about we just want to get rid of him, well, there must be a reason why. It has to be because of lack of performance. Let there be a complaint. Let him go through the due process. He's not entitled to a result. He's entitled to the process. Counsel, let me ... I guess I'm trying to understand when this due process right arises in this context, because generally all employees are going to be at will employees in Texas, right? Unless. Unless. What's the unless in this case? Is it because of a state statute, or is it because the city of Hearn adopted the statute essentially as part of its internal policy? Which one is it, or is it neither one of those? I think it's because of the state statute. Because in state law, we can find this ... So whether or not Hearn had this policy, he'd be entitled to this, he'd have property interest in the job. Whether or not the policy was adopted. So we don't have to talk about the policy. I believe that's our argument. That's certainly our position. Well, let me get back to Treadway, and Treadway, I mean, I have the benefit of being able to look right at it. That does rely on the Civil Service Act, and not all the intermediate appellate courts have concerned this so far have done this. And so looking at the statute before, 614 and its subparts, which does not have any of the language in it that is most helpful to you, Treadway got that from the Civil Service Act as part of the local government code. And so we would have to adopt that same approach, maybe, I mean, obviously there'd be some other approach. And that, it seems to me, looking upon this as a freestanding statute, I think it's 614.022, says that one of the agencies, a police department, cannot act unless the complaint is in writing and then the other provisions follow. It seems to me what we're dealing with here is not a written complaint, and we need the leap that Treadway did, but instead we're dealing with bad publicity. Maybe there's a written complaint, maybe there wasn't. But you did not allege in your complaint, did you, that there was a written complaint in this case? We allege that there was no written complaint, that there were protests and complaints. So it's not a matter of you couldn't have known of a complaint, there's been no discovery in this case, I suppose, since it was handled as a motion to dismiss. So just take in your pleadings, there's no written complaint. And looking at this pure language of 614.022.23, I don't see that they have acted on something that has been covered by it. And would you not acknowledge if we are only looking at the language of 614 and its subparts without any definitions of what a complaint is, that looking without your Treadway case and some of these other cases, this is not much of a case for you? Judge, in Treadway, what they were doing with the Civil Service Act was trying to decide what is a complaint. Right. And they were looking at what is a complaint. But when you . . . For the purpose of the Civil Service Act, and they decided it ought to be imported into this other act, as a proper understanding of what the legislature meant when they wrote that. As a way to interpret this particular statute. One way to do it. And that's the way a non-controlling opinion did it. It's not the Supreme Court of Texas, so we're not bound by it. We need to make our own best understanding of what this is. Your Honor, we're not arguing that the failure to comply with the statute up through the investigation and the evidence gave my client a constitutionally protected property interest. It was only when they went in there without proof of misconduct to say that he had acted improperly with regard to his use of force against Ms. Golden. If they had a complaint, it's very easy for the mayor or for anyone else to write and say we believe that you used the wrong amount of force. They did not take that action. They did not take any action to investigate. From May 6th, when the shooting occurred, until May 10th, there was no investigation. On May 7th, the day after the shooting, the mayor says I'm going to recommend termination. The only investigation of my client occurred by the grand jury, and he was no billed. So with regard to the statute, we are focused exclusively on subchapter C of 614.023, where it says the complaint must be investigated and there is evidence to prove the allegation of misconduct. That is cause. That means there must be a reason. There must be a reason if this is a complaint. What you are arguing is that employment and will does not apply, and your answer to some previous questions really makes it seem like it will almost never apply to the dismissal of a police officer. But looking at it from the other viewpoint, unless 614.022 definition of complaint exists in this case, then the police department has the right to dismiss someone who, because of public relations reasons or otherwise, has given a bad publicity to the police department. They may be undeserved. I have no idea what the actual facts of what happened were, but that's what employment and will allows, no matter how unfair it may be. And so any statutory exception to employment and will in Texas seems to me needs to be fairly clear. You need a whole lot more, it seems to me, than the plain language of 614 to get you there. I'm not saying you can't get there. Some intermediate appellate courts have done the work for you ahead of you, but we need to decide whether that's a legitimate interpretation of this statute. In Turner v. Prairie, Justice Guzman said that the legislature had made that determination that the costs of going through with this procedure outweighed the burden that may be imposed. And if the issue is you've caused some bad publicity for us because you've engaged in a force that may be improper, may not be improper, give the complaint that says that you've given the undue publicity. We can then go through it. If there's evidence to prove that, that may be sufficient. We're not entitled to a result. What we're entitled to is the process. Notice of the charges, an impartial tribunal, a meaningful hearing at a meaningful time. An officer stimmed and not get any of those. So even if the ultimate decision, if he has this process, even if the decision is against him and it seems like it's the unfair decision, he has to accept the decision, whatever it is. He got his process under the state statute. And if it goes against him and they have a bad reason for terminating him, so be it. He got his process. Unless we could prove that they were biased, that it was not an impartial tribunal, unless we could prove that somewhere his due process rights were violated in the process. But not with the result. You said his due process rights. Now there's a difference between the procedure under the state statute and due process rights under the Constitution. Absolutely. And that's our argument, that the state statute is what gave him the last paragraph C of 614.023 is what gave him the constitutionally protected property interest. The fact that he didn't get a written complaint before is not necessarily part of the issue with regard to the constitutionally protected property interest and the due process he was entitled to there. Okay. So you don't see a difference between being entitled to a certain procedure and being entitled to your job and having a good reason to be terminated? Well, they do have to prove that there is reason, that there is cause. They would have to prove the cause. But if the tribunal hears it and has a disagreement with me about what is cause, unless I can show that the tribunal was tainted, that they'd expressed bias previously, then, Your Honor, I think that all we would be entitled to would be the process and the result. Now if it's a situation where the chief of police is sitting there, he's got a police officer out here, the police officer has been trained by the taxpayer, has been invested in by the taxpayer, then I think what the legislature said in 614.023C is if you're going to get rid of him for some reason, there has to be evidence of misconduct unless it's going to be for one of these budgetary reasons. And so that's basically where we are. And if the city had had any reason to attack or to terminate Officer Stem that wasn't on the basis of a complaint, they could have attacked us with a 12B1 factual attack to say here's the affidavit that shows that this was for budgetary reasons. It had nothing to do with the shooting of Ms. Golden. It had nothing to do with misconduct. They did not do that. And so all we've got is, that would be a factual attack, the facial attack is what we have here, that's all we've got, and so that's why we've addressed it this way. And so we believe that without question this statute provides that there must be cause when it says there must be evidence to prove the allegation of misconduct. That's new as of 2005. There's been one state appellate court, intermediate, that has said that that gives us a protected property interest. And we're asking this court to reverse and amend. Unless there are other questions, I will reserve some time. Thank you. Thank you, Mr. Culler. Mr. McKenzie. May it please the court. My name is Alfred McKenzie, and it's my privilege today to represent Mayor Ruben Gomez in the city of Herm, Texas. I will primarily address STEM's first issue on the field, as Mr. Culler did today, but I wanted to point out that the brief also discusses the reasons why the district court properly dismissed STEM's state law causes of action, including his claim for declaratory relief under the Texas Declaratory Judgment Act, as well as why STEM's request to re-plead were ineffective and not specific enough to provide any relief. Turning to the claim under 42 U.S.C. section 1983, the only ground for federal jurisdiction in the district court is the constitutional claim. STEM claims, by virtue of a state statute, that he had a property interest in his right of continued employment with the city of Herm. Chapter 614, neither before or after the 2005 amendment, provides an expectation of continued employment. And to answer the question, Judge Prado, about what 614 actually provides, if on August the And it said, you know, Officer Stem, I don't think I want you working here anymore. There is nothing about 614 that provides him any protections. Where Mr. Culler has erred is in assuming that someone has to have a reason for terminating an employee. In Texas, as Judge Graves pointed out, employment is presumed at will, even for government employees, unless the civil service statute applies. There is a civil service statute under Chapter 143 of the Texas local government code. And then there's a separate collective bargaining agreement statute under 174 of the local government code. And significantly, this is important to the city of Herm, as well as to all municipalities throughout the state of Texas. For either one of those chapters to apply, the voters must approve the adoption of that Chapter 614 applies to all other municipalities who have not adopted the civil service statute and entered into a collective bargaining agreement that addresses investigation of complaints of misconduct. But it doesn't need to be adopted by the city. It applies. But it does not create a property interest. Does it create a procedural process that he's guaranteed if there is a complaint against him or her? It does create, and this was before the 2005 amendment and after, procedural requirements. And what it doesn't do, and the Texas intermediate courts have struggled with this, it doesn't give a remedy for failure to comply with those procedural requirements. It's essentially gives rise to agreements. The officer may have agreements or some right to complain internally if such a procedure has been established. But as the courts have always held, procedural remedies are not property interest. Before we get to a procedural right under federal due process law, there has to be a state-created property interest. Well, the claim that it goes beyond procedure is really the last phrase of C, 023C2, which is there must be evidence to prove the allegation of misconduct. It seems to me that creates more than just discretion on the part of procedural right and whatever discretion the appointing officials, dismissal officials, want to exercise. It at least limits that discretion and limits employment at will to the extent of someone cannot be dismissed if this section applies unless there is some evidence. But it doesn't say how much evidence. That's the problem. And I think if there's any evidence, the obligation has been satisfied. But it does say evidence. Essentially, Your Honor, I think the best reading of that is it's a prima facie standard, equivalent to a motion to dismiss stage in the federal district court. As long as there is some evidence, plausible evidence, then the police chief, the head of the department, is justified in moving forward. But let me point out the rest of the language, why this is not a property interest. The Northern District of Texas in the Paske case held that prior to the amendment, the first part of subsection B, disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee. It's simply the how you terminate. It does not establish the why. And when 2005 amendment came around, not in response to the case, it was already in the works in the legislature. In fact, the legislative history that my friend on the opposing side has provided to the court points out that they are simply adding additional protections. They actually took substantial evidence out of the original language and just made it evidence, leaving it to the court to figure out what that means. But it's the same language. Just like disciplinary action may not be taken unless a copy of the complaint is given, the requirements, in addition to those requirements, the officer or employee may not be indefinitely suspended or terminated unless two additional procedural safeguards are met. One, there has to be an investigation. And two, there has to be evidence, not proof, and that's where I take issue with the appellant's argument that they had to prove cause, just evidence. And here's the other part that's important, of misconduct upon which the decision is based. There is no pleading in this case, no evidence in the record that Officer Stillman was fired for misconduct. When you look at the record, there is a complaint that there were protests by citizens and by people from outside the city of Hearn, protesting the death of a 93-year-old woman. There's nothing in the record that says Officer Stillman was fired for misconduct. Had the city council directed the police chief to fire Officer Stillman for misconduct, that would have given rise to the statutory state law claim that these procedural protections had not been provided. Still not a property interest. We have a situation here where maybe members of the public complain about him to the mayor. So you have a complaint, it might be oral, then simply the city decides not to put it down on paper, the person didn't write it down, so we don't have to follow this process because we don't have a written complaint, but we do have an oral complaint. Is there some obligation to convert that oral complaint, which is the basis for termination, into a written, signed complaint in accordance with the statute? To satisfy the procedural requirements of the statute, if the reason for termination is that complaint, then it does need to be reduced to writing, signed, investigated, and there has to be some evidence to support it. But the notice of termination at page... Can the city hide behind the fact that the person that complained about him didn't give us a written complaint and we're going to terminate him because of that oral complaint? Not because of the complaint. And that's where issues of pretext come in, but that's not in this record. At page 90 of the record, the notice of termination doesn't say you're fired for misconduct. It says the city council has directed me to terminate you. And here's the distinction. The city council, just as it would have had on April the 30th, the week before Pearly Golden died, still had the ability in an at-will state to terminate Stilm for a good reason, a bad reason, or no reason at all. And it's significant that it didn't give a reason. If they had instructed Stilm you're fired for misconduct, that would have been on his record when he applied to the next law enforcement agency. He would have had a termination for misconduct record. There's nothing in this record or in the pleading significantly that says he was fired for misconduct. The city still had the right to fire him for a good reason, a bad reason, or no reason at all. And when you're reading the pleadings based upon judicial experience and common sense, as this court has already acknowledged in questioning of Mr. Culler, that the city may have been concerned about expending political capital or incurring bad publicity and simply made the decision it's not worth it to us to defend this officer and we have the ability as an at-will employer to terminate his employment. So we're not going to go through. Talk about the record several times. This was a 12B1, 12B6 dismissal. There is no developed record in this case. There is the allegation that he was fired without a written complaint being filed, if I understood the response from your friend a little while ago. So it seems to me we are at least at the stage that Judge Prado was talking about, that there is an allegation here that he was, in fact, fired for his actions against Ms. Golden. It's sort of hard to come to any other conclusion. Exactly what the reason in the city council's mind was, whether it's just to avoid publicity or to think he actually had been engaged in misconduct, is unknown. And it's sort of hard even to file a reason and belief allegation, I would think, in the complaint because nothing's been said publicly and discovery would have to uncover it. So it seems to me what you are setting up for us and what you want us to affirm is that so long as the city council is silent about it, even though 614, 22, and 23 would otherwise apply, so long as they're silent on their reasons, there is no case. Well, Your Honor, I would back up and first emphasize that I don't think there's a property interest regardless of whether they fail to comply with 614. We don't even deserve to satisfy each of these. I'm just trying to look at that particular argument you were just making as to where that leaves us. If we get to an analysis of whether a state law right to procedural safeguards should have been provided, then at the 12B1, 12B6 stage, two things come into play. One, there simply isn't a pleading that he was fired for misconduct. There is an orderly timing of Pearly Golden was shot. There were protests in the street. Less than 24 hours later, the city council noticed the meeting and then he was terminated. There is in the second cause, the state law cause, an allegation that he was terminated because of the complaint. But again, it's not a complaint of misconduct. And I think what we end up with is a situation where the district court was justified in dismissing the state law claims, what procedural rights should you have been afforded under state law which only provides for declaratory judgment, not for retrospective back pay or relief. Those should be resolved in the state court. We don't know specifically in the order whether it was dismissed on jurisdictional grounds or on the failure to state a claim upon which relief can be granted. But if there is no property right, there is no 1983 cause of action and therefore no federal jurisdiction, the district court was certainly justified, did not abuse its discretion in dismissing the remainder of the case. And if there is anything left to argue to resolve that distinction, what was the real reason that Officer Stem was fired, that should be resolved in state court under declaratory judgment cause of action. But do you agree that if he could not be fired other than for cause, that's a property right? If he cannot be fired other than for cause, that creates a property right under this court's jurisdiction. OK. So backing up from that, to say that there must be some evidence to support the misconduct allegation is at least creating the necessity for a finding, if not an actual finding of cause, at least a finding of prima facie was the phrase you used before, evidence of cause, and the cause would be the misconduct. So there's at least, I mean, I will acknowledge it is not clearly a requirement, it's not a requirement at all that there be a finding of cause of misconduct. But there is a finding that there must be something, something plausible, something that would withstand summary judgment. And that to me is different than other cases, but is at least far beyond, it seems to me, the usual employment at will situation with good reason, bad reason, no reason at all. But that doesn't apply here. It's not good, bad, no. It's some evidence of a good reason. Well, and— Do you agree with that? There must be, if this is to apply, some evidence of a good reason. To invoke 614 for a state procedural protection, the head of the department, the police chief, who's not even a party here, has to have some evidence to support a termination for misconduct. See, there's so many elements there that are missing from this case that I don't think that analysis actually helps Officer Stelm, because Officer Stelm didn't plead termination for misconduct. He didn't plead. Anything other than 614 gave him a property interest, and it's simply three procedural steps. Two, that the Northern District held in Paske were only the how and not the why. And under this Court's jurisprudence in Cobb, whenever an ordinance, in this case a employee's removal on compliance with procedural safeguards, the ordinance does not endow the officer with a property interest. I want to point out two specific cases. One that was cited by Mr. Kohler, Turner v. Perry. Stelm acknowledges in his reply brief that that is the only Texas case, intermediate case, that says subchapter B grants a property interest. But Judge Guzman in that case engages in absolutely no analysis or reasoning for why Chapter 614 creates a property interest. There's a lot of other issues in that case, and just in passing says it creates a property interest. We don't think, as the City of Hearn and other municipalities, that's rightly decided. It hasn't been resolved by the Texas Supreme Court. That was the 14th Court of Appeals in Houston in 2009. Just a few months ago, their sister court, the First Court of Appeals in Staff v. Colorado County, was issued in which the Sheriff of Colorado County argued that because deputy sheriffs are subject to a special statute, deputy sheriffs serve at the pleasure of the sheriff, that because that statute established that deputy sheriffs were at-will employees, that Chapter 614 doesn't apply. Kind of flipping the argument. And the Houston Court of Appeals, the First District, held that the procedural safeguards in Chapter 614 do not alter the employment at-will status. In holding that, they're actually applying 614 and sent it back to the trial court and said that the deputy sheriff had a declaratory judgment action to seek relief for failure to comply with these procedural safeguards. But they rejected the sheriff's argument that in some way it modified the at-will statute and therefore came in conflict with another act of the legislature. So we have a split in the intermediate courts of appeals in Houston with regard to this issue. Does it create a property interest or not? If it doesn't change the at-will statute, it's not a property interest. And the mere fact that the head of the department has to have some evidence, if you will, to support an allegation of misconduct, doesn't change it from how you terminate to why you terminate. Because there are still other reasons why the officer could be terminated. And as long as the city has those other options for termination, for a good reason, a bad reason, or no reason at all, then it's not an entitlement. The officer has no expectation of continued employment because they know they can be fired for any reason. The issues about reduction of force is a red herring. Certainly, courts have been loath to enter into an economic analysis about whether a city or county needs to cut a budget. But that's not at play here. And that's not the only situation where an officer can be terminated. Here he could have been terminated for any reason. And it's only when he was terminated for misconduct was he entitled to the state law procedural safeguards for which he can seek relief in a state court under Texas Declaratory Judgment Act. Your Honor, with that, unless the court has any other questions, I'll yield the remainder. Let me ask you. Sure. Well, just one thing. The staff versus Colorado County was decided after the briefs were submitted. Did you submit anything to the court about that case? Your Honor, I just found that in preparing for argument. And I will submit a Rule 28J letter with that. The citation, if the court uses Lexis, is 2015 Texact Lexis 8645. But I'll get a copy to the court by e-filing tomorrow. Okay. And procedurally, and I'm not sure where we're headed, but off the top of my mind, if this court decides that there is not a constitutional right, all that's left are the state claims. And I think the district judge ruled that there was no complaint and dismissed the state claims. If this court were to say, well, the issue of whether there's a complaint or not is still an open question. And so that was premature in dismissing the state cause of action. Do we send it back to the court to decide if it's going to keep it or dismiss it because it has supplemental jurisdiction? Or procedurally, how would we proceed if that were to end up being the case? And I'm not saying it is. I'm just curious, as you were arguing, that came to mind. Well, and that's right. The judgment is not specific. There is one sentence, and Stem points this out in the reply brief, that addresses there was no complaint, so 614 doesn't apply. I suppose that probably was premature because the court, in its memorandum opinion, says we're going to address the 12B1 issues first. Because if there's no jurisdiction, then we don't need to deal with things on the merits. So if there's any cleanup to do, it would probably be to modify the judgment to make it clear that it's dismissed for lack of jurisdiction because there's no federal claim. And as Mr. Culler said, the issue in this case is whether 614 creates a property interest. Thank you. Mr. Culler? Thank you, Your Honor. Judge, if we think about for cause in the private sector, where an employee has a contract that says you can only be terminated for cause, that means there has to be some proof of misconduct that has been enumerated in the contract. And without that, it doesn't matter if the Board of Directors tells the President . . . But, counsel, and I guess that's the point. This is a contract that says for cause or language to that effect. Yes, sir. And you'll agree with me that there are contracts, there are ordinances, there are statutes all over the country where the enacting bodies deliberately, intentionally, and often explicitly say it, you can only terminate somebody for cause, creating a property interest. This happens all over the country all the time. Absolutely. I agree. But to accept your argument, I have to believe that the Texas legislature kind of inadvertently or not so explicitly or implicitly decided that they were going to create a property interest in a job for all of these categories of employees. I mean, that's what I have to believe, because you'll agree all it says is, well, if there's a complaint, then you have to investigate, and there has to be evidence of misconduct. And that's about what it says. I can understand that argument, but we're told from the Supreme Court of Texas and the United States Supreme Court, we're not to presume that the legislature performed a useless act. What they did was said there must be proof of misconduct. And there's more than one way. For cause are magic words. But what it means is there must be some proof of misconduct, that there was something there. And the legislature, whether they used for cause or not, they used the words that defined what for cause is. And I don't think that either the Supreme Court of the United States, this court, or any of the other circuits have said it must only be characterized and articulated as for cause. There can be other ways to get this right that is important. They suggest that there's no remedy under the state law claims. And frankly, that's not true, because the phrase may not be terminated is the Texas. And if you shall not be terminated, then you're entitled to stay in your position until they met the prerequisites of the procedures for the state law claims. In this case, he has been terminated. So is there a right to reinstatement? Yes, we do believe that. Under both section 1983 and under 614 of the government code, that he would be entitled to that remedy. Now, whether he's entitled, we think that under section 1983, he would certainly be entitled to back wages. We don't have the issue here of legal damages. There's a question under state law claim about whether he can get legal damages money from the date of termination to reinstatement. I think that it's restoring the status quo ante, but the Texas Supreme Court disagrees with me. But certainly, we would be entitled to prospective relief to be reinstated as of the date the court orders the reinstatement. To suggest that there was no complaint is to ignore the pleading and the rules that the United States Supreme Court says we must follow. You're to look at it and to interpret them liberally. The district court was to do that. We clearly showed, or attempted to show, maybe we were feeble. And if we were, we should have been given an opportunity to fix that. But we tried to show and say that he was terminated because of the complaints about the use of force against Ms. Golden. And to say that there was no complaint is simply, I think, I don't like using disingenuous with regard to the argument of my opponent. But I don't know of any other words and how to express that. And so we believe this statute clearly and unequivocally says that there must be proof of an allegation of misconduct. There was an allegation of misconduct here. My client was deprived of his property interest without due process that was given to him by the legislature. And so we would ask this court to reverse and remand this to the district court. Thank you, Mr. Collard. Thank you.